IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEALANDUS BEST, B82439, )
)
Petitioner, )
)
vs. ) Case No. 18-cv-1370-MJR
)
PEOPLE OF THE STATE OF ILLINOIS, )
)
Respondent. )

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Petitioner DeAlandus Best, who is currently incarcerated in Menard Correctional Center, filed a "Motion Requesting an Order Authorizing the District Court to Consider the Application for an Successive Habeas Corpus" ("Motion") (Doc. 1) on July 10, 2018, mistakenly labeled in CM-ECF as a Petition for Writ of Habeas Corpus. The instant case was opened as an action pursuant to 28 U.S.C. § 2254 upon receipt of Petitioner's Motion, despite a petition not having been filed. This was in error, as such a motion cannot commence a § 2254 proceeding. "A 2254 case is commenced on the date the petition is filed." *Holman v. Gilmore*, 126 F.3d 876, 880 (7th Cir. 1997) ("[A] case is commenced by filing a petition seeking substantive relief."); *see also Woodford v. Garceau*, 538 U.S. 202, 208, 123 S.Ct. 1398 (2003) ("[A] habeas suit begins with the filing of an application for habeas corpus relief-the equivalent of a complaint in an ordinary civil case.").

Preliminary documents filed prior to a § 2254 petition, like Petitioner's Motion, are insufficient to initiate § 2254 proceedings. *Cf. Holman*, 126 F.3d at

1

879 ("A motion ... for appointment of counsel is a prelude to a collateral attack ... but is not itself a collateral attack."); *Fierro v. Cockrell*, 294 F.3d 674, 681 (5th Cir. 2002) (motion for authorization to file successive petition "is merely a preliminary motion that does not itself initiate habeas proceedings, [so] it cannot satisfy the statute of limitations established under [2254]"). This action will therefore be administratively closed, because it was opened without a habeas petition being filed, and it is without a petition.

Petitioner is advised that, should he seek to bring a habeas action in this Court at a later date, he must be granted leave to bring a § 2254 petition in this Court, as he has previously filed another. (Doc. 1, p. 3). A district court may not consider a second or successive § 2254 petition unless the prisoner has previously obtained authorization from the appropriate *court of appeals*. 28 U.S.C. § 2244(b)(3)(A). The question is jurisdictional: if the Petitioner has not received authorization, the district court lacks jurisdiction over the matter. *Burton v. Stewart*, 549 U.S. 147, 153 (2007); *Lambert v. Davis*, 449 F.3d 774, 777 (7th Cir. 2006).

Petitioner mistakenly filed the Motion with this Court, instead of the appropriate Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A). Petitioner also has not affirmatively stated that he has received authorization from the appellate court, and there is no public record of any such authorization being granted. An alternative ground for the dismissal of this case is therefore this Court's lack of jurisdiction.

### Certificate of Appealability

Finally, pursuant to Rule 11 of the Rules Governing Section 2254 cases in the United States District Courts, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a habeas petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Here, there is no petition, and there is nothing to suggest that jurists of reason would debate the correctness of the Court's ruling or find a valid claim of the denial of a constitutional right. As such, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** without prejudice. The **CLERK** is directed to **CLOSE** this case.

**IT IS SO ORDERED.**

**DATED: July 11, 2018**

                                              **s/ MICHAEL J. REAGAN**
                                              **U.S. Chief District Judge**